UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTONIO COLE as Special Administrator,** ) | | |
| of the Estate of **ANTOINE COVINGTON,** ) | | |
| deceased, ) | **Judge Kendall** | |
| ) | | |
| Plaintiff, ) | **Magistrate Judge Brown** | |
| v. ) | | |
| ) | **Case No. 08 C 5899** | |
| **P.O. PHILIP SHEEHAN, DEPUTY CHIEF** ) | | |
| **SANDERS,** and the **VILLAGE OF MARKHAM,**) | | |
| a municipal corporation, ) | | |
| ) | | |
| **Defendants.** ) | | |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, deceased, by and through his attorneys, GREGORY E. KULIS AND ASSOCIATES, and complaining against the Defendants, P.O. PHILIP SHEEHAN, DEPUTY CHIEF SANDERS, and the VILLAGE OF MARKHAM, as follows:

### COUNT I – EXCESSIVE FORCE

1) This action is brought pursuant the laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois to redress deprivations of the Civil Rights of the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, and accomplished by acts and/or omissions of the Defendants, P.O. PHILIP SHEEHAN, individually, DEPUTY CHIEF SANDERS, individually, and the VILLAGE OF MARKHAM, committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. § 1343 and § 1331 and supplemental jurisdiction of the State of Illinois.

3) The Plaintiff, ANTONIO COLE, was at all relevant times, the father of the decedent ANTOINE COVINGTON, and intends to move to be appointed as Special Administrator for the purposes of this lawsuit.

4) The deceased, ANTOINE COVINGTON, at all relevant times, was a United States Citizen and a resident of the VILLAGE OF MARKHAM.

5) The Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, were at all relevant times, duly appointed Markham Police Officers acting within the scope of their employment and under color of law.

6) On April 27, 2008, the decedent, ANTOINE COVINGTON, was at the Canterbury Shipping Center at 159th Street and Kedzie Avenue in Markham, Illinois.

7) ANTOINE COVINGTON was not committing a crime or breaking any law.

8) ANTOINE COVINGTON exited a store.

9) The Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, shot and killed the decedent, ANTOINE COVINGTON.

10) Said use of deadly force was excessive and unreasonable.

11) Said use of force was unprovoked and unwarranted.

12) As a result of the actions of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, ANTOINE COVINGTON was killed.

13) Said actions of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, were in violation of the decedent's Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

14) As a result of said actions of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, the decedent, ANTOINE COVINGTON, and the Plaintiff, ANTONIO COLE, suffered pain, suffering, permanent injury, monetary loss, and loss of enjoyment of life.

15) The actions of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, were intentional, willful and wanton.

WHEREFORE the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, prays for judgment against the Defendants, P.O.PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, jointly and severally, for compensatory damages in excess of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages in excess of ONE MILLION ($1,000.000.00) DOLLARS plus attorneys' fees and costs.

## COUNT II – BATTERY

1-9) The Plaintiff hereby realleges and incorporates his allegations of paragraphs 3-12 of Count I as his respective allegations of paragraphs 1-9 of Count II as though fully set forth herein.

10) The actions of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, constitute battery under Illinois law.

WHEREFORE the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, prays for judgment against the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, jointly and severally, in excess of FIFTY THOUSAND ($50, 000.00) DOLLARS and punitive damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS plus costs.

### COUNT III – WRONGFUL DEATH

1-10) The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-10of Count I as his respective allegations of paragraphs 1-10 of Count III as though fully set forth herein.

11) The actions of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, caused the wrongful death of the decedent, ANTOINE COVINGTON, in violation of ILCS 740 ILCS 180/1 et. seq.

12) As a result of the actions of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, the decedent, ANTOINE COVINGTON, and the Plaintiff, ANTONIO COLE, suffered loss of life, loss of enjoyment of life, pain, suffering and monetary loss.

WHEREFORE the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, prays for judgment against the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, jointly and severally, for compensatory damages in excess of ONE MILLION ($1,000,000.00) DOLLARS plus costs.

### COUNT IV – SURVIVAL ACTION

1-11) The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-11 of Count III as his respective allegations of paragraphs 1-11 of Count IV as though fully set forth herein.

12) After the decedent was shot, he survived for a period of time before he died.

13) As a direct and proximate consequences of said conduct of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, the decedent, ANTOINE COVINGTON, suffered pain and suffering, mental trauma, fear, anxiety, monetary loss and eventually death.

14) This cause of action arises under the Survival Act, codified at 755 ILCS 5/27-6, and is brought by, ANTONIO COLE, Special Administrator for the Estate of ANTOINE COVINGTON within two (2) years from the date of death of the decedent to recover damages suffered by the decedent prior to his death.

15) As a result and pursuant to the Survival Statute (755 ILCS 5/27-6), the decedent, ANTOINE COVINGTON, suffered pain and suffering.

WHEREFORE the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, prays for judgment against the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, jointly and severally, in excess of FIFTY THOUSAND ($50, 000.00) DOLLARS plus costs.

### COUNT V – RESPONDEAT SUPERIOR

1-12) The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-12 of Count IV as his respective allegations of paragraphs 1-12 of Count V as though fully set forth herein.

13) At the time the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, shot the decedent, ANTOINE COVINGTON, the Defendants were acting with a firearm and with the training and authority given to them by the Defendant, VILLAGE OF MARKHAM.

14) The Defendant, VILLAGE OF MARKHAM, is responsible for the acts of the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, under Illinois law.

WHEREFORE the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, prays for judgment against the Defendant, VILLAGE OF MARKHAM, for compensatory damages in excess of ONE MILLION ($1,000,000.00) DOLLARS plus costs.

### COUNT VI - FAMILY EXPENSE ACT

1-12) The Plaintiff, ANTONIO COLE, hereby realleges and incorporates the allegations of paragraph 1-12 of Count V as his respective allegations of paragraph 1-12 of Count VI as though fully set forth herein.

13) At all relevant times, the Plaintiff, ANTONIO COLE, was the father of ANTOINE COVINGTON, deceased.

14) As a direct and proximate result of the Defendant's actions, which caused the death of ANTOINE COVINGTON, the Plaintiff, ANTONIO COLE, and his family, incurred funeral and burial expenses.

WHEREFORE, the Plaintiff, ANTONIO COLE, prays for judgment in his favor and against the Defendants, P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS, jointly and severally, in an amount in excess of TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS for compensatory damages in an amount in excess of TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS plus attorney's fees and costs.

### COUNT VII – MONELL POLICY

1-12) The Plaintiff, ANTONIO COLE, hereby realleges and incorporates the allegations of paragraph 1-12 of Count VI as his respective allegations of paragraph 1-12 of Count VII as though fully set forth herein.

13) The VILLAGE OF MARKHAM was aware of P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS' use of deadly and excessive force.

14) The VILLAGE OF MARKHAM has allowed P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS to continue in this custom, practice and policy use of excessive force.

15) The failure of VILLAGE OF MARKHAM to take any action constitutes an unwritten custom, practice and policy approving of excessive force.

16) As a result of this custom, practice and policy the decedent was killed.

17) As a result of said custom, practice and policy the Plaintiff suffered pain, suffering, permanent injury, monetary loss and loss of life.

WHEREFORE the Plaintiff, ANTONIO COLE, Special Administrator of the Estate of ANTOINE COVINGTON, prays for judgment against the Defendant, VILLAGE OF MARKHAM, for compensatory damages in excess of ONE MILLION ($1,000,000.00) DOLLARS plus costs.

## COUNT VIII- INDEMNIFICATION

1-9) The Plaintiff, hereby realleges and incorporates his allegations of paragraphs 3-12 of Count I as his respective allegations of paragraphs 1-9 of Count VIII as though fully set forth herein.

10) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

11) Defendant P.O. PHILIP SHEEHAN and DEPUTY CHIEF SANDERS are employees of the VILLAGE OF MARKHAM Police Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendant P.O. PHILIP SHEEHAN and/or Defendant DEPUTY CHIEF SANDERS be found liable for the acts alleged above, Defendant VILLAGE OF MARKHAM would be liable to pay the Plaintiff any judgment obtained against said Defendant.

## JURY DEMAND

The Plaintiff, ANTONIO COLE, requests trial by jury.

Respectfully submitted,

ANTONIO COLE, individually and as Special Administrator of the Estate of ANTOINE COVINGTON,

/s/ Gregory E. Kulis
GREGORY E. KULIS AND ASSOCIATES

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

S:\Federal Cases\Covington v. Sheehan\efilings\3.25.09\1stamended.cmplt.doc