12169

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO COLE as Special Administrator, ) Of the Estate of ANTOINE COVINGTON, ) Deceased, ) ) Plaintiff, ) VS. ) P.O. PHILIP SHEEHAN, DEPUTY CHIEF ) SANDERS, and the VILLAGE OF ) MARKHAM, a Municipal Corporation, ) ) Defendants. ) | COURT NO. 08 CV 5899<br><br>JUDGE KENDALL<br><br><br>Magistrate Judge Brown<br><br>JURY DEMANDED |

## DEFENDANT, PHILIP SHEEHAN'S
## MOTION TO QUASH PLAINTIFF'S SUBPOENAS *DUCES TECUM*

NOW COMES the Defendant, Philip Sheehan, by and through his attorneys, Laura L. Scarry and Scott B. Dolezal, and pursuant to Federal Rules of Civil Procedure 26 and 45, move to quash subpoenas *duces tecum* sent by the Plaintiff's attorney. In further support thereof, Defendant states as follows:

1.  On July 14, 2009, Plaintiff sent a supeona *duces tecum* to David Navarro at the Cook County State's Attorney's Officer of Professional Standards. The subpoena requested "[a]ll documents relating any internal, civil, or criminal investigations of Markham Police Officer Philip Sheehan. . . include[ing] but is not limited to all statements, reports, complaints, photographs and transcripts relating to the above investigations." The subpoena was returnable July 28, 2009. A copy of the subpoena is attached hereto as Exhibit A.

1

2. On July 14, 2009, Plaintiff send a subpoena *duces tecum* to the Chief of Police of the Blue Island Police Department, Sheehan's former employer. The subpoena requested Sheehan's entire personnel file; all documents, reports, statements, interviews, complaints, and transcripts relating to Sheehan; the confidentiality agreement between the City and Sheehan; and all documents leading up to Sheehan's resignation. The subpoena was returnable on August 3, 2009. A copy of the subpoena and rider is attached hereto as Exhibit B.

3. On July 21, 2009, Plaintiff sent a subpoena *duces tecum* to the City of Markham Police and Fire Commission. The subpoena requested "[a]ll documents relating to any internal, civil, or criminal investigations of . . . Sheehan. . . includ[ing] by not limited to all statements, reports, complaints, photographs and transcripts relating to the above investigations." The subpoena was returnable on August 5, 2009. A copy of the subpoena is attached hereto as Exhibit C.

4. Defendant moves to quash all of these subpoenas.

5. While Plaintiff has the right to take reasonable and relevant discovery, none of these requested materials is relevant to whether Officer Sheehan used excessive force on the evening of the incident described in the complaint or whether the City of Markham maintained a policy of allowing its officers to engaged in excessive force. Plaintiff is not entitled to probe into every aspect of Sheehan's professional and private life based on an allegation that he used excessive force on the evening of this incident.

6. Courts have the ability to limit discovery to protect a party from annoyance and embarrassment. Fed. R. Civ. P. 26(c). Plaintiff's subpoenas, which seek nothing more than to dig up every allegation of wrongdoing against Sheehan, regardless of its relevancy, will do nothing

2

more than embarrass Sheehan. It will shed no light on the reasonableness of his actions during the particular incident described in the complaint and it will not establish the existence of an unconstitutional custom, policy or practice maintained by the City of Markham.

7. The subpoena to the Cook County State's Attorney's Officer should be quashed because the materials sought are irrelevant to the Plaintiff's excessive force and related claims against Sheehan or to the Monell claim against the City of Markham.

8. Plaintiff maintains that Sheehan used excessive force and committed a battery against Plaintiff's decedent when Sheehan shot him during the course of an armed robbery. The Plaintiff's subpoena is not limited to this incident, but seeks all records, regardless of whether it relates to this incident.

9. Plaintiff's subpoena is a "fishing expedition" and is overbroad and harassing. It does not seek relevant information, but rather seeks information regarding instances of other allegations of "bad acts" for the purpose of harassing and embarrassing Officer Sheehan. This evidence is neither relevant nor admissible, and the subpoena should be quashed.

10. The subpoena directed to the City of Blue Island should similarly be quashed because the material it seeks is irrelevant, overbroad and not reasonably calculated to lead to discoverable or admissible material.

11. The subpoena to Blue Island seeks every single document that was ever produced or prepared during the course of the Plaintiff's employment with the City.

12. The information sought in the Plaintiff's subpoena is irrelevant to the excessive force claim against Sheehan. Whether he was accused of excessive force or other misconduct while a police officer for another municipal entity has no bearing on whether Sheehan used

3

excessive force against the Plaintiff's decedent. It similarly has no bearing on the <u>Monell</u> claim because these records relate to entirely different municipality.

13. Plaintiff's subpoena to the City of Blue Island is a fishing expedition into his tenure with the Blue Island police department which has no bearing on the excessive force claim. This is particularly true with regard to the circumstances of his departure from the Department and the confidentiality agreement that was entered into when Sheehan left the department. These circumstances have nothing to do with allegations of excessive force. Even if they did, however, they would not be relevant to the allegations of this complaint.

14. In <u>Bond v. Utreras</u>, No. 04 C 695447, 2006 WL 695447 at *7-8 (N.D. Ill. March 10, 2006), Magistrate Judge Keys quashed a similar request made by the Plaintiff for the records from the Defendants' former employers. Judge Keys held that the requests "smacks more of a fishing expedition than a request reasonably calculated to lead to the discovery of admissible evidence." <u>Id</u>. Likewise, Plaintiff's requests to the Blue Island are a fishing expedition into the inadmissible alleged prior bad acts of Sheehan.

15. Furthermore, the terms of the confidentiality agreement prohibit disclosure to third parties. Sheehan entered into the agreement with the reasonable expectation that the contents of the agreement would remain confidential and they should remain so.

16. Finally, the subpoena to the Markham Police and Fire Commission should be quashed because it is nothing more than a continued attempt to explore every aspect of Sheehan's professional life without regard to the specific facts of this case. The subpoena is not limited to documents related to this claim, or even to other uses of deadly force, but rather seeks every investigation the Police and Fire Commission may have conducted, regardless of whether the alleged conduct occurred before or after the incident described in the complaint.

17.     The subpoena is not relevant to whether Sheehan acted reasonably when he shot the Plaintiff's decedent nor is it relevant to the Monell claim that requires consideration of whether a widespread custom policy or practice exists within the department.

18.     Furthermore, the subpoena is not limited to incidents that occurred before the incident described in the complaint. In order to succeed on the Monell claim, Plaintiff must establish that the custom, policy or practice was the moving force behind his constitutional deprivation. By simple logic, alleged incidents of excessive force that occurred after the incident could not be the moving force of a deprivation that occurred beforehand.

WHEREFORE, Defendant Sheehan respectfully requests that Plaintiff's subpoenas *duces tecum* issued to the City of Blue Island, the Markham Police and Fire Commission and the State's Attorney's Office be quashed.

Respectfully submitted,

DeAno & Scarry, LLC

_s/Laura L. Scarry_
Attorneys for Defendant, P.O. PHILIP SHEEHAN

Laura L. Scarry (ARDC# 6231266)
Scott B. Dolezal (ARDC# 6274826)
DeANO AND SCARRY, LLC.
53 West Jackson Boulevard
Suite 550
Chicago, IL 60604
(630) 690-2800
Fax: (312) 564-4125

5

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

JUL
12169

DISTRICT OF _____

Antonio Cole, as Special Administrator of the Estate of Antoine Covington

V.

Officer Phillip Sheehan, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 C 5899

TO: David Navarro
Cook County State's Attorney's Office
Office of Professional Standards
500 Richard J. Daley Center, Chicago, Illinois 60602

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents relating to any internal, civil or criminal investigations of Markham Police Officer Philip Sheehan, #546. This includes but is not limited to all statements, reports, complaints, photographs and transcripts relating to the above investigations.

| PLACE Gregory E. Kulis & Associates, Ltd.<br>30 North LaSalle Street, Suite 2140, Chicago, Illinois 60602 | DATE AND TIME<br>7/28/2009 5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 7/14/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shehnaz I. Mansuri, Attorney for Plaintiff
Gregory E. Kulis & Associates, Ltd., 30 North LaSalle Street, Suite 2140, Chicago, Illinois 60602; 312-580-1830

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/14/2009 | 500 Richard J. Daley Center<br>Chicago, Illinois 60602 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| David Navarro<br>Cook County State's Attorney's Office | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Alexandrea L. Hanba | Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     7/14/2009
                     DATE

*Alexandrea L. Hanba*
SIGNATURE OF SERVER

30 North LaSalle Street, Suite 2140
ADDRESS OF SERVER

Chicago, Illinois 60602

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____

Antonio Cole, as Special Administrator of the Estate
of Antoine Covington

V.

Officer Phillip Sheehan, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 C 5899

TO: Chief Douglas Hoglund
Blue Island Police Department
13031 Greenwood Avenue
Blue Island, Illinois 60406

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Gregory E. Kulis & Associates, Ltd. 30 North LaSalle Street, Suite 2140, Chicago, Illinois 60602 | DATE AND TIME 8/3/2009 2:00 pm |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Rider

**Please contact Shehnaz I. Mansuri at 312-580-1830 upon receipt.

| PLACE Gregory E. Kulis & Associates, Ltd. 30 North LaSalle Street, Suite 2140, Chicago, Illinois 60602 | DATE AND TIME 8/3/2009 2:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 7/14/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shehnaz I. Mansuri, Attorney for Plaintiff
Gregory E. Kulis & Associates, Ltd., 30 North LaSalle Street, Suite 2140, Chicago, Illinois 60602; 312-580-1830

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/14/2009 | 13031 Greenwood Avenue<br>Blue Island, Illinois 60406 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Chief Douglas Hoglund<br>Blue Island Police Department | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Alexandrea L. Hanba | Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     7/14/2009
                    DATE

*Alexandrea L. Hanba*
SIGNATURE OF SERVER

30 North LaSalle Street, Suite 2140
ADDRESS OF SERVER

Chicago, Illinois 60602

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO COLE as Special Administrator, of the Estate of ANTOINE COVINGTON, deceased, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ) |
| P.O. PHILIP SHEEHAN, DEPUTY CHIEF SANDERS, and the VILLAGE OF MARKHAM, a municipal corporation, | ) ) ) ) |
| Defendants. | ) |

Judge Kendall

Magistrate Judge Brown

Case No. 08 C 5899

## RIDER TO SUBPOENA FOR DEPOSITION AND RECORDS TO CHIEF DOUGLAS HOGLUND

You are commanded to produce:

1. Officer Sheehan's entire personnel file.

2. Any and all documents, reports, statements, interviews, citizen complaints, Internal Affairs complaints, investigations and transcripts relating to Philip Sheehan.

3. A copy of the confidentiality agreement between the Blue Island Police Department and Philip Sheehan.

4. All documents leading up to Philip Sheehan's resignation in June 2006, including any complaints and accusations of Philip Sheehan being in an altercation with a female in a bar.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern     DISTRICT OF     Illinois

Antonio Cole, as Special Administrator of the Estate of Antoine Covington

**SUBPOENA IN A CIVIL CASE**

V.

Officer Philip Sheehan, et. al.

Case Number: 08-C-5899

TO: City of Markham Police and Fire Commission
16313 Kedzie Parkway
Markham, IL 60428

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents relating to any internal, civil or criminal investigations of Markham Police Officer Philip Sheehan # 546. This includes but is not limited to all statements, reports, complaints, photographs and transcripts relating to the above investigations.

| PLACE | DATE AND TIME |
|---|---|
| Gregory E. Kulis & Associates, Ltd., 30 N. LaSalle Street, Suite 2140, Chicago, IL 60602 | 8/5/2009 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 7/21/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shehnaz Mansuri, Gregory E. Kulis & Associates, Ltd., 30 N. LaSalle Street, Suite 2140, Chicago, IL 60602, 312-580-1830

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT C

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/21/2009 | 16313 Kedzie Parkway<br>Markham, IL 60428 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| City of Markham Police and Fire Commission | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Dalbir Chopra | Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  7/21/2009
            DATE

*Dalbir Kaur Chopra*
SIGNATURE OF SERVER

30 N. LaSalle Street, Suite 2140
ADDRESS OF SERVER

Chicago, IL 60602

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).