UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO COLE as Special Administrator, )<br>of the Estate of ANTOINE COVINGTON, )<br>deceased, )<br>)<br>        Plaintiff, )<br>  v. )<br>)<br>P.O. PHILIP SHEEHAN, DEPUTY CHIEF )<br>SANDERS, and the VILLAGE OF MARKHAM,)<br> a municipal corporation, )<br>)<br>        Defendants. ) | Judge Kendall<br><br>Magistrate Judge Brown<br><br>Case No. 08 C 5899 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENAS SERVED UPON THIRD PARTIES**

NOW COMES the Plaintiff, ANTONIO COLE, as Special Administrator of the Estate of ANTOINE COVINGTON, by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and in opposition to Defendant Sheehan's motion to quash subpoenas served upon third parties states as follows:

**INTRODUCTION**

On July 14, 2009 and July 21, 2009, Plaintiff issued subpoenas *duces tecum* to the following*:*

*(1)* David Navarro at the Cook County State's Attorney's Office of Professional Standards, for all documents relating to any internal, civil, or criminal investigations of Defendant Sheehan, including, but not limited to, all statements, reports, complaints, photographs, and transcripts relating to the above investigations.

*(2)* Chief of Police of the Blue Island Police Department (Defendant Sheehan's former employer), for Sheehan's entire personnel file; all documents, reports, statements, interviews,

1

complaints, and transcripts relating to Sheehan; the confidentiality agreement between the City and Sheehan; and all documents leading up to Sheehan's resignation.

*(3)* City of Markham Police and Fire Commission, for all documents relating to any internal, civil, or criminal investigations of Defendant Sheehan, including, but not limited to, all statements, reports, complaints, photographs, and transcripts relating to the above investigations.

In Defendant Sheehan's motion to quash the subpoenas issued to these third parties, he argues that the subpoenas were issued for the sake of going on a fishing expedition in an effort to harass and embarrass the Defendant and that they seek irrelevant information. The Defendant's argument that documents pertaining to Defendant's disciplinary and complaint history throughout his career as a police officer are not relevant lacks merit and completely ignores the standard for relevancy set forth in FRCP 26. For the reasons set forth below, Plaintiff respectfully requests that the Court deny Defendant's motion and enforce the subpoenas as written.

## ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas and states in part that a court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies or if the subpoena subjects a person to undue burden. Fed.R.Civ.P.45(c)(3)(A)(iii-iv). The subpoenas issued by Plaintiff do not seek privileged information, nor do they subject the parties subpoenaed to an undue burden. Of particular significance is the fact that none of the subpoenaed parties have filed any objections to the subpoenas under Rule 45(c)(2), and two of the three subpoenaed parties have not filed a motion to quash these subpoenas. The only subpoenaed party that has weighed in on this issue is the City of Blue Island, which filed a statement essentially adopting the Defendant's position.

2

The requests in Plaintiff's subpoenas are expected to yield relevant information, as defined by both Rule 26 of the Federal Rules of Civil Procedure and Rule 401 of the Federal Rules of Evidence, and are not overly broad. The scope of information available by Rule 45 is as broad as allowed under the discovery rules. Williams v. Blagojevich, 2008 WL 68680 at *3 (N.D. Ill). Moreover, Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance. Parties are permitted to obtain discovery regarding any non-privileged matter which is relevant to a claim or defense in the pending action or which appears legally calculated to lead to discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). It is the party challenging discovery that bears the burden of showing that the discovery sought is overbroad, unduly burdensome, or irrelevant. Williams, 2008 WL 68680 at *3. A party must specify with detail the reasons why the discovery requests at issue are irrelevant in order to meet its burden. Id.

One of the Defendant' principal arguments is that Plaintiff's subpoena should be quashed as the only reason for requesting such information would be to gain evidence of Defendant's prior bad acts, inadmissible under the Federal Rules of Evidence. Defendants are incorrect both as to the reasons for requesting such information and the (in)admissibility of the evidence that may be obtained as a result of the subpoena. FRCP 26 states in relevant part:

> "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

For discovery purposes, "relevancy will be construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Grant v. Homier Distributing Co., Inc., 2007 WL 2446753, *1 (N.D. Ill.) *quoting* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

The information the Plaintiff requests is directly relevant to Plaintiff's allegations of Defendant Sheehan's use of force. The Plaintiff issued the subpoenas initially to follow up on

3

documents and information received during the course of regular discovery. Specifically, Defendant Sheehan's personnel file contains a portion of a transcript from a disciplinary hearing in Markham stemming from an incident which took place when Defendant Sheehan was a Blue Island police officer. The Markham Police Department apparently became aware of an altercation between Defendant Sheehan and a female at a bar when Defendant Sheehan worked for Blue Island. In July 2008, then Chief of Police, Crawford, initiated a complaint for 'falsifying an application and lying to the Fire Commission'. As a result, there was a hearing in late July 2008 before the Police and Fire Commission, one of the subpoenaed entities. The next document relating to Defendant Sheehan's position with the Markham Police Department is dated October 2008 and it in involves Defendant's 'involuntary separation' from the police department. In addition, human resources documents from November 2008 state that Defendant Sheehan was terminated due to three counts of excessive force as a police officer. First of all, the Plaintiff does not even have a complete transcript of the July 2008 hearing. Next, the Plaintiff has no documents between July 2008 to the October 2008, when Defendant Sheehan separated from the police department. Finally, the Plaintiff does not have all of the documents pertaining to the three counts of excessive force against Defendant Sheehan. According to Julie Koerner, attorney for Defendant Sanders and the Village of Markham, the Police and Fire Commission would have any additional documents pertaining to Defendant Sheehan, not the Village of Markham itself. Therefore, the Plaintiff sent them a subpoena for the complete records.

      According to information obtained during Defendant Sanders' deposition, the situation with Defendant Sheehan is in arbitration. Plaintiff, however, does not have a complete set of documents leading up to that point. If in fact Defendant Sheehan was involved in the altercation

as a Blue Island Police officer and if in fact, he was disciplined by Blue Island and by Markham, not only for the use of force, but also for covering up such a fact, the Plaintiff is entitled to explore this line of discovery, especially in light of his excessive force claim in this case. Clearly, his failure to disclose such information goes to his credibility as well.

The information sought also does not only concern Defendant Sheehan's character. Though the documents may reveal details about prior bad acts, this evidence is not being sought (nor would it be offered) to prove the character of the Defendant. An individual's prior bad acts are admissible where the evidence is offered not for character purposes, but rather to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The Court in Huddleston v. United States held that evidence of prior bad acts may be admissible where the trial court has: (1) determined that the evidence is offered for a proper purpose; (2) found the evidence to be relevant; (3) found that the probative value is not outweighed by the risk of unfair prejudice; and (4) given a limiting instruction on request. 485 U.S. 681, 685 (1988). Evidence of prior bad acts has been found admissible in many instances, involving those where the prior acts introduced are similar to the allegations in the current instance. In Garvey v. Dickinson College, a case concerning possible Title VII violations, the court held that other acts of harassment by the defendant were admissible on the issue of the defendant's intentional harassment. 763 F.Supp. 799 (M.D. Pa. 1991). See also Wilson v. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993) (appellate court reversed trial court's refusal to admit evidence of other police misconduct complaints); See United States v. Macedo, 406 F.3d 778, 793 (7th Cir. 2005) (though courts consider how recent or outdated prior bad acts are in considering their admissibility, court admitted evidence of nine-year-old cocaine sales in drug trial due to fact that outdated conduct was similar to conduct at issue).

The materials requested in Plaintiff's subpoenas are typically requested and received by civil rights plaintiffs, even over objections such as those advanced by the Defendant here, including objections on the basis of the discovery requests being overbroad, irrelevant, harassing, calling for the production of confidential information, and not reasonably calculated to lead to the discovery of admissible evidence. See Charles v. Cotter, 1994 WL 424144 (N.D. Ill.) (where the plaintiff sought disciplinary history and past complaints, the court held that the information sought could be relevant or lead to relevant evidence and that the plaintiff should have been allowed discovery into prior instances of misconduct by the defendants); Bond v. Utreras, 2006 WL 695447 (N.D. Ill., March 2006) (in ruling on plaintiff's motion to compel production of the personnel files, disciplinary records and other use of force documents for the police officer defendants alleged to have violated the constitutional rights of the plaintiff, the court held these relevant and noted that such evidence is admissible to show motive, intent, opportunity, absence of mistake, preparation, and plan and that the plaintiff's request may lead to the discovery of admissible evidence; the court responded to defendants' argument that the files contained private and sensitive information by ordering the defendants to redact "irrelevant, personal" information within the files); Vodak v. City of Chicago, 2004 WL 1381043, *5 (N.D. Ill.) (holding that individual defendants' job applications, performance reviews and personnel files were discoverable and stating that "numerous courts have held that the personnel files and compliant histories of defendant officers are relevant in Section 1983 actions involving police misconduct).

Though the Defendant cites Bond v. Utreras in support of his motion, arguing that the Bond court quashed a similar request by the plaintiff for the records from the defendants' former employers. What the Defendant either failed to recognize or failed to acknowledge in his motion to the Court is that Bond is clearly distinguishable from the present case. In granting the

defendants' motion to quash in that case, the Bond court explicitly noted that the plaintiff in Bond had not identified any basis for believing that the officers were disciplined by their former employers for engaging in conduct similar to what was alleged by the plaintiff. Again, the Plaintiff has information that the Defendant was given the choice be terminated or to resign from the City of Blue Island Police Department because of an incident with Defendant Sheehan involving an altercation at a bar with a citizen, a fact that he concealed to the Markham Police Department. The Plaintiff also has information that sometime while employed with the Village of Markham Police Department, the Markham Police Department became aware of the incident. This is not a fishing expedition where the Plaintiff is simply hoping that something emerges in these materials that shed lights on relevant issues in this case; Plaintiff's requests are carefully crafted to elicit relevant information that is definitively known to exist and may also pertain to the Defendant's credibility. Additionally, the Bond court noted that the information sought was also remote in time, as the plaintiff was seeking evidence of events that occurred six to thirteen years before the incident at issue in the civil case. Though some courts have admitted evidence of prior bad acts that occurred several years before the incident at issue, the evidence sought by the Plaintiff in this case is not greatly remote in time. See United States v. Macedo, 406 F.3d at 793. The incident complained of occurred in April 2008; Plaintiff seeks materials from Defendant Sheehan's former employer pertaining to the circumstances surrounding his resignation only two years before this incident. The court's ruling in Bond is undoubtedly distinguishable from the present case both with regards to whether this is a "fishing expedition" and whether this is too remote in time.

      With regards to the Defendant's argument that these materials will infringe on his privacy concerns, the court's reasoning in McGee v. City of Chicago clearly supports the finding that the

materials at issue here are discoverable. 2005 WL 3215558 (N.D. Ill. 2005). The issue in McGee, in which a Section 1983 claim was asserted, was not whether such similar materials should be disclosed to the opposing party, but was rather whether such materials were entitled to a protective order. Id. Of particular interest in that case is the fact that among these materials were records relating to the complaint histories of Chicago Police Department employees, along with Chicago Police Department complaint register files gathered during the department's internal investigations. In assessing whether such records merited protection and finally concluding that they did not, the court first noted that the internal investigations are conducted at taxpayer expense and that the public has a great interest in the disclosure of such records, stating: "Any invasion of the Defendant Officers' privacy interests does not outweigh the significant public interest in the disclosure of the C.R. files. The Defendant Officers are public servants, and "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." McGee, 2005 WL 3215558, *3 *quoting* Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3rd Cir. 1994). See also id. *quoting* Wiggins v. Burge, 173 F.R.D. 226, 229 (N.D.Ill.1997) ("performance of police duties and investigations of their performance is a matter of great public importance"); Id. *quoting* Auriemma v.. Rice, 910 F.2d 1449, 1460 (7th Cir.1990) ("[i]t would be difficult to find a matter of greater public concern in a large metropolitan area than police protection and public safety"). Courts have recognized that an officer's police department files are to be given only minimal privacy in civil rights lawsuits. See again Bond v. Uteras, 2006 WL 695447 (N.D. Ill.) quoting King v. Conde, 121 F.R.D. 180, 191 (E.D.N.Y. 1998) police officers' "privacy interest(s) in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review")

Should this Court be inclined to agree with the Defendant that legitimate privacy concerns regarding his complaint and disciplinary history, as well as the confidentiality agreement, are implicated by the Plaintiff's requests, Plaintiff suggests that the appropriate measure is not to quash these subpoenas, but rather to enter a protective order that would serve to alleviate these concerns. Though Defendant argues that the terms of the confidentiality agreement with the Village of Blue Island prohibit disclosure to third parties, such agreements usually have exceptions for instances in which disclosure is required by law. Unlike the defendants in McGee, who sought only to have a protective order entered as to such information, the Defendants here go far beyond this by seeking to have such evidence completely withheld from Plaintiff. This drastic measure is wholly uncalled for.

## CONCLUSION

Defendant's arguments in favor of quashing these subpoenas test the bounds of logic; the definition of relevance provided by Federal Rule of Civil Procedure 26 allows for the discovery of any material which may simply *lead* to the discovery of admissible evidence. Federal Rule of Evidence 404(b) allows for the evidence of other wrongs or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Ev.404(b). Courts have routinely ordered the production of the materials requested by the Plaintiff, and the Plaintiff can only be prejudiced by being denied information that the Defendant is already aware of regarding his complaint and disciplinary history and the circumstances surrounding how he came to be no longer employed with both the Blue Island Police Department and the Markham Police Department. Plaintiff's subpoenas are calculated to yield information relevant and vital to Plaintiff's case against Defendant. The requests in this case are narrowly tailored to seek precisely this information. Thus, Plaintiff respectfully requests that Defendant's

9

motion to quash the subpoenas issued by Plaintiff to various third parties be denied and that the Court order the enforcement of these subpoenas as written.

Respectfully submitted,

/s/ Ronak Patel

**GREGORY E. KULIS & ASSOCIATES, LTD.**
**30 N. LaSalle Street, Suite 2140**
**Chicago, IL 60602**
**(312) 580-1830**

10