12169

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO COLE as Special Administrator, | ) | |
| Of the Estate of ANTOINE COVINGTON, | ) | |
| Deceased, | ) | COURT NO. 08 CV 5899 |
| | ) | |
| Plaintiff, | ) | JUDGE KENDALL |
| VS. | ) | |
| P.O. PHILIP SHEEHAN, DEPUTY CHIEF | ) | |
| SANDERS, and the VILLAGE OF | ) | Magistrate Judge Brown |
| MARKHAM, a Municipal Corporation, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## AGREED MOTION FOR STAY OF PROCEEDINGS

NOW COME the Plaintiff, ANTONIO COLE as Special Administrator of the Estate of ANTOINE COVINGTON, by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, Defendants VILLAGE OF MARKHAM and DEPUTY CHIEF SANDERS, by and through their attorneys O'HALLORAN KOSOFF GEITNER & COOK, LLC, and Defendant, POLICE OFFICER PHILIP SHEEHAN, by and through his attorneys, DeANO & SCARRY, LLC., and move this Honorable Court for the entry of an Order Staying This Proceeding. In support of the motion, all parties state:

### *I. Introduction*

All the parties have worked diligently to complete all discovery in this case prior to this court's deadline of December 31, 2009. Unfortunately, two indispensable and necessary witnesses, DeAndre Fountain and LaQuan Anderson will not be able to sit for their depositions before the court-ordered deadline. This is because Mr. Fountain and Mr. Anderson are currently incarcerated and awaiting trial on homicide charges as a result of the very occurrence that this case arises. The parties are informed that the witnesses will assert their Fifth Amendment rights

1

against self-incrimination if they are called to testify at a deposition. The testimony of Mr. Fountain and Mr. Anderson is necessary to both the allegations and defenses asserted by the parties to this suit and the parties cannot proceed to trial without knowing what relevant information these witnesses may provide. Because the parties have done all they can to complete discovery in this case but have been unable to secure the deposition testimony of witnesses Fountain and Anderson for reasons beyond their control, they ask this court to stay this proceeding until the needed depositions can be completed.

## II.     Facts Relevant to Motion to Stay Proceedings

### A.     Claims Made and Witnesses to Events

Plaintiff's first amended complaint alleges that plaintiff's decedent, Antoine Covington, was the victim of excessive force in violation of his Fourth and Fourteenth Amendment rights when the individual defendants (Sheehan and Sanders) shot and killed Covington on April 27, 2008. (*See, Pl. Amend. Cmplt. Count I*). Plaintiff voluntarily dismissed his alleged *Monell* count against the Village of Markham. (*See, Pl. Amend. Cmplt. Count VII*). Finally, plaintiff's first amended complaint alleges violations of various Illinois state statutory and common law against the respective defendants. (*See, Pl. Amend. Cmplt. Counts II-VI and VIII*).

The first amended complaint arises out of a complaint that was received by the Village of Markham of an armed robbery in progress on April 27, 2008 at the Dollar Tree Store located at 159th Street and Kedzie Avenue in Markham, Illinois. Numerous police officers arrived on the scene as the armed robbers were making their exit from the store, at which time Antoine Covington was indeed shot. This is where the parties' versions of events begin to differ.

Plaintiff alleges that Antoine Covington was not committing any crime nor breaking any law as he exited the Dollar Tree Store on April 27, 2008. (*See, Pl. Amend. Cmplt. Count I, Par. 7-8*). Defendants maintain, however, that Mr. Covington was a perpetrator of the armed robbery

2

that was occurring and that he and his co-conspirators, DeAndre Fountain and LaQuan Anderson had just participated in a violent felony as Covington was leaving the store. The testimony of the witnesses to the armed robbery and those who had arrived on the scene afterward can thus far (arguably) be seen as supporting either position.

### B. Discovery Completed and Planned

The parties have worked diligently on completing the discovery needed before trial since this court set its scheduling order. The parties exchanged discovery and reviewed the in-store video that partially captured the events at issue. The parties have conducted depositions of the numerous individuals present on the scene and those that arrived shortly after.

Currently scheduled (but not yet completed) before the end of the discovery period are the depositions of one of the paramedics that arrived on the scene as well as the medical examiner that performed the autopsy on plaintiff's decedent. Also scheduled are four depositions of family members and associates of Mr. Fountain and Mr. Anderson that plaintiff has identified in his Rule 26(a) disclosures. Finally, the parties are also taking the depositions of two investigating officers involved in the follow-up of the shooting in question.[1]

### C. Witnesses DeAndre Fountain & LaQuan Anderson

Despite the amount of work already completed and currently scheduled, the key facts regarding the circumstances of the shooting of Mr. Covington will come from Mr. De Andre Fountain and Mr. LaQuan Anderson. Both Mr. Fountain and Mr. Anderson are incarcerated and awaiting trial on homicide related charges and their representatives have indicated that they will assert their Fifth Amendment rights against self-incrimination regarding any questions pertaining

---

[1] Defendant Sheehan has sought to obtain additional witness and contact information from the Cook County State's Attorney investigatory file in this matter. Unfortunately, due to the still-pending criminal charges against Fountain and Anderson, that information has not been obtained.

3

to the events of August 28, 2008 before the criminal charges are resolved.[2]

The testimony of these witnesses is vital to the plaintiff to establish, amongst other things, that: Covington was not part of any conspiracy to commit armed robbery; Covington did not have a weapon on him at the time he exited the Dollar Store; the Defendants (and others) did or did not call out for Covington to stop exiting the store and put his hands up; and any other potential fact that would contribute to an assessment of the objective reasonableness of the force used in this case.

The testimony of these witnesses is vital to the defendants to establish, amongst other things, that: Covington planned with them to commit an armed robbery; Covington did proceed with the armed robbery on April 28, 2008; Covington was armed with a weapon during the armed robbery; Fountain and Anderson heard the officers on scene outside the Dollar Store shout commands to the offenders; and any other fact that establishes the objective reasonableness of the force used by the officers in this case.

Both plaintiffs and defendants additionally need the deposition testimony of Fountain and Anderson to corroborate facts that have been testified to by other witnesses in this case.

### III. Standards for Allowing Motion to Stay Proceedings

As this court wrote in *Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Ins. Co.*, Not Reported in F.Supp.2d, 2006 WL 2927607 (N.D.Ill.,2006): "[A] district court possesses substantial discretion to control its docket," including the inherent power to stay a case when justice requires. *Employers Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 902 (7th Cir.1987). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). In determining whether to

---

[2] The current trial date for the trial of Mr. Fountain and Mr. Anderson is December 14, 2009 at the Markham Courthouse according to their attorneys, but the parties have no indication that the trials will in fact proceed on that date.

stay civil proceedings because of a pending criminal action, a court may consider:

(1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants. *Cruz v. County of DuPage*, 1997 WL 370194, *2 (N.D.Ill.1997).

A court may stay civil litigation in certain circumstances if the interests of justice require it. *Chagolla v. City of Chicago*, 529 F.Supp.2d 941 N.D.Ill.,2008., *See United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

### IV.     *Argument: This Case Should Be Stayed Pending the Criminal Trials of DeAndre Fountain and LaQuan Anderson So Their Testimony Can Be Obtained*

The factors weigh in favor of staying this proceeding while the criminal cases against DeAndre Fountain and LaQuan Anderson are pending. Their expected testimony is so crucial to both the claims and defenses of the parties that this motion is brought on an agreed basis. The parties submit that this is a matter that justice requires a stay of the proceedings by itself, but they examine the factors involved for completeness:

#### 1.     Same Subject Matter

It is undisputed that the testimony that is crucial to this civil rights matter is the subject of the criminal charges against Fountain and Anderson. They are charges with homicide related offenses because of the death of Mr. Covington. The answers that Fountain and Anderson possess that are relevant to this case are directly the answers that will potentially determine their guilt or innocence in the pending criminal matters. This factor weighs in favor of a stay.

    2.  <u>Both Actions Brought By Government</u>

While this factor is not met, this factor is irrelevant because Fountain and Anderson are not parties to this action (as is the normal circumstance when these "stay factors" are examined). Because Fountain and Anderson are necessary third party witnesses, the fact that the actions are brought by separate individuals (the State of Illinois in the criminal case and Covington's father in this civil matter) is an irrelevant factor for purposes of the stay.

    3.  <u>Posture of the Criminal Proceeding</u>

The posture of the criminal proceeding against Fountain and Anderson is, based upon the last information that undersigned counsel has obtained, that the charges are ready or nearly ready for trial. The arrests of Fountain and Anderson happened almost immediately following the event on April 28, 2008 and the discovery phase of the criminal trial has been completed.  The parties will know more after the next court date of December 14, 2009, but this factor weighs in favor of a stay.

    4.  <u>The Public Interest</u>

The interest in having this court's docket move quickly is balanced here against going to trial prematurely.  If the stay is not granted and this case proceeds to trial without knowing what (or whether) Fountain and Anderson will testify, the risk is much greater that the jury in this case will not hear all relevant evidence and a proper verdict regarding the merits of plaintiff's claims and defendant's defenses will not be decided.   Therefore, the public interest in having a fair trial weighs in favor of a stay to these proceedings.

    <u>5 & 6.  Plaintiff's Speedy Trial and Defendants' Burdens</u>

These factors, the parties submit, the determinative factors for granting a stay in this proceeding until the depositions of Mr. Fountain and Mr. Anderson can be obtained. The parties have agreed to petition this court together that this is the proper course of action.  The harms that

6

will be suffered by both plaintiff and defendants are to great to have to proceed with this case without obtaining the benefit of the testimony of these essential witnesses.

### V. Conclusion

The parties request this Honorable Court enter an order staying these proceedings after the previously ordered discovery cutoff of December 31, 2009 until the depositions of DeAndre Fountain and LaQuan Anderson can be obtained.

    Respectfully submitted,

    GREGORY E. KULIS & ASSOC.
    s/ Shenaz Masuri
    Attorney for Plaintiff

    O'HALLORAN KOSOFF GEITNER & COOK
    s/ Julie Koerner
    Attorney for Defendant Village of Markham
    And Defendant Sanders

    DeANO & SCARRY, LLC
        s/Laura L. Scarry
    Attorney for Defendant Sheehan